1  Thomas M. Robins, III (State Bar No. 054423)
   trobins@frandzel.com
2  Peter Csato (State Bar No. 089272)
   pcsato@frandzel.com
3  Bernard R. Given, II (State Bar No. 134718)
   bgiven@frandzel.com
4  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard
5  Seventeenth Floor
   Los Angeles, California  90048-4920
6  Telephone:  (323) 852-1000
   Facsimile:  (323) 651-2577
7
   Attorneys for CENTRAL PACIFIC BANK
8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11              SAN FERNANDO VALLEY DIVISION

| 12 | In re | **CASE NO. 1:09-bk-16565-MT** |
|----|-------|-------------------------------|
| 13 | DAVID SCHWARTZMAN, | **CHAPTER 11** |
| 14 | Debtor. | |
| 15 | | **ADV NO. 1:09-ap-01186-MT** |
| 16 | CENTRAL PACIFIC BANK, | |
| 17 | Plaintiff, | **MOTION OF CENTRAL PACIFIC BANK TO CONSOLIDATE ADVERSARY PROCEEDINGS [FRBP 7042, LBR 1073-1]; POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 18 | v. | |
| 19 | DAVID SCHWARTZMAN, etc., et al., | |
| 20 | Defendant. | **DATE:  To Be Determined** <br> **TIME:   To Be Determined** <br> **CTRM:  To Be Determined** |
| 21 | AND RELATED CROSS-ACTION. | |
| 22 | | |

23  TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE;

24         COMES NOW, Central Pacific Bank (the "Bank"), a secured creditor and party in interest

25  in the above-referenced Chapter 11 case and Plaintiff in the above-referenced Adversary

26  Proceeding and files this, its Motion To Consolidate Adversary Proceeding No.'s  1:09-ap-01186-

27  MT and 1:09-ap-01187-MT, which are both now pending in the above-entitled Court, pursuant to

28  Federal Rules of Bankruptcy Procedure 7042 and Local Bankruptcy Rule 1073-1 and in support

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1   thereof shows the Court the following:

2       1.      On March 5, 2009, the Bank commenced an action against defendants David

3   Schwartzman ("Schwartzman"), Ruth B. Ziegler and Richard A. Corleto, in their capacities as

4   Trustees of Trust "A" of the Ziegler Family Trust ("ZFT"), and LB/L-DS Ventures Master LLC

5   ("LB/L-DS") in the Superior Court of the State of California, County of Los Angeles, Central

6   District, Case No. BC409031, entitled *Central Pacific Bank v. David Schwartzman; Ruth B.*

7   *Ziegler and Richard A. Corleto, in their capacities as Trustees of Trust A of the Ziegler Family*

8   *Trust; LB/L-DS Ventures Master LLC; and Does 1 through 50, inclusive* (the "State Court

9   Action").  The Bank's verified complaint in the State Court Action ("Complaint") is for Breach of

10  Guaranty regarding three separate business loans made by the Bank – one to LB/L-DS Ventures

11  Clovis LLC ("Clovis"), one to Riverfront Ventures, LLC ("Riverfront"), and one to San Feliciano

12  Holding Company, LLC ("San Feliciano").  Schwartzman, ZFT and LB/L-DS each guaranteed the

13  Clovis loan; Schwartzman and ZFT each guaranteed the Riverfront loan; and Schwartzman

14  guaranteed the San Feliciano loan.  Clovis, Riverfront and San Feliciano have all defaulted on

15  their loans, and Schwartzman, ZFT and LB/L-DS have all defaulted on their guarantees.  The

16  amount owed to the Bank on the Clovis loan is in excess of $11.4 million, the amount owed on the

17  Riverfront loan is in excess of $18.1 million, and the amount owed on the San Feliciano loan is in

18  excess of $3.8 million.  A copy of the Complaint is attached to the Bank's separately filed

19  Appendix of State Court Pleadings to Notice of Removal of Civil Action Under 28 U.S.C. §

20  1452(a) and Federal Rule of Bankruptcy Procedure 9027(a) ("Appendix") as Document 4.  The

21  Bank requests the Court to take Judicial Notice of the Notice of Removal and Appendix thereto

22  pursuant to Federal Rule of Evidence 201.

23      2.      On April 10, 2009, (a) Schwartzman, ZFT and LB/L-DS filed a Verified Answer to

24  the Bank's Complaint in the State Court Action ("Answer"), and (b) Schwartzman, ZFT, LB/L-DS,

25  Clovis, Riverfront and San Feliciano (collectively, "Cross-Complainants") filed a cross-complaint

26  against the Bank and the Bank's parent holding company, Central Pacific Financial Corp. ("Cross-

27  Complaint").  A copy of the Answer is attached to the Appendix as Document 22, and a copy of

28  the Cross-Complaint is attached to the Appendix as Document 25.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

3.     On May 13, 2009, Cross-Complainants filed a First Amended Cross-Complaint in the State Court Action ("FACC"). The FACC alleges an assortment of lenders liability causes of action allegedly arising from the Clovis, Riverfront and San Feliciano loans and guarantees. A copy of the FACC is attached to the Appendix as Document 31.

4.     On June 1, 2009, Schwartzman filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Central District of California (San Fernando Valley), Case No. 1:09-bk-16565-MT ("Schwartzman Bankruptcy Case").

5.     Also on June 1, 2009, San Feliciano filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Central District of California (San Fernando Valley), Case No. 1:09-bk-16563-MT ("San Feliciano Bankruptcy Case" and, together with the Schwartzman Bankruptcy Case, the "Bankruptcy Cases").

6.     In the Statement of Related Cases (Form F 1015-2.1) filed with his Chapter 11 Voluntary Petition, Schwartzman indicated that he and San Feliciano were affiliates, and that the Schwartzman Bankruptcy Case and the San Feliciano Bankruptcy Case are related cases. Moreover, as shown in paragraph 101 of the Declaration of Laura Carpanzano filed in support of the Bank's attachment applications in the State Court Action ("Carpanzano Dec."), Schwartzman was an 86% owner of DSV San Feliciano Holding Company LLC, which was the Operating Member of San Feliciano and was entitled to receive an Operating Management Fee from San Feliciano pursuant to the San Feliciano Operating Agreement. A copy of the Carpanzano Dec. is attached to the Appendix as Document 16.

7.     On June 11, 2009, the Bank removed the State Court Action from the Superior Court of the State of California, County of Los Angeles, Central District to the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, where the Schwartzman and San Feliciano Bankruptcy Cases are now pending. The Bank filed a Notice of Removal of the State Court Action in the Schwartzman Bankruptcy Case, wherein the State Court Action was assigned  Adversary Proceeding No. 1:09-ap-01186-MT.   The Bank also filed a Notice of Removal of the State Court Action in the San Feliciano Bankruptcy Case, wherein the

1   State Court Action was assigned  Adversary Proceeding No. 1:09-ap-01187-MT.

2       8.      Pursuant to Federal Rule of Bankruptcy Procedure 7042, consolidation of

3   Adversary Proceedings is governed by Federal Rule of Civil Procedure 42, which permits the

4   Court to consolidate actions which "involve common questions of law or fact."  Here, the two

5   adversary proceedings consist of exactly the same thing – the State Court Action - and the legal

6   and factual subject matter involved in each Adversary Proceeding is therefore not only in

7   common, it is identical.  The reason two Adversary Proceeding No.'s were assigned is because

8   each Debtor (Schwartzman and San Feliciano) is a party to the State Court Action, and a Notice of

9   Removal was therefore filed in each of the Bankruptcy Cases.  Since the two cases involve not just

10  common, but rather identical, questions of law or fact, consolidation is appropriate under Federal

11  Rule of Civil Procedure 42.

12      9.      As evidenced by the foregoing recitation of facts and the facts set forth in the

13  Declaration of Bernard R. Given, II, filed concurrently herewith ("Given Dec."), the Bank

14  respectfully requests an Order of the Court that Adversary Proceeding No. 1:09-ap-01186-MT

15  (filed in the Schwartzman Bankruptcy Case) be consolidated with Adversary Proceeding No. 1:09-

16  ap-01187-MT (filed in the San Feliciano Bankruptcy Case) under Lead Case No. 1:09-bk-16563-

17  MT; and that consolidation of the Adversary Proceedings include without limitation the use of a

18  single docket (In re San Feliciano, Bankruptcy Case No. 1:09-bk-16563-MT, Adv. No. 1:09-ap-

19  01187-MT) for (1) the filing, docketing and lodging of all pleadings and orders in the Adversary

20  Proceedings; and (2) the scheduling of hearings in the Adversary Proceedings.

21  DATED: July 16, 2009                     Respectfully submitted,

22                                           FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                             THOMAS M. ROBINS, III
23                                           PETER CSATO
                                             BERNARD R. GIVEN, II
24

25

26                                           By: _____

27                                               Bernard R. Given, II
                                                 Attorneys for CENTRAL PACIFIC BANK
28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1

## CONSOLIDATION OF THE ADVERSARY PROCEEDINGS

2

## IS PROPER UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 7042

3

4

5

With regard to consolidation of adversary proceedings, Federal Rule of Bankruptcy Procedure 7042 provides that "Rule 42 F.R.Civ.P. applies in adversary proceedings."   Federal Rule of Civil Procedure 42(a) provides as follows:

6

7

8

> **(a) Consolidation**.  If actions before the court involve a common question of law or fact, the court may: **(1)** join for hearing or trial any or all matters at issue in the action; **(2)** consolidate the actions; or **(3)** issue any other orders to avoid unnecessary cost or delay.

9

10

11

12

13

14

15

Here, the two adversary proceedings consist of exactly the same thing – the State Court Action - and the legal and factual subject matter involved in each Adversary Proceeding is therefore not only in common, it is identical.  The only reason two Adversary Proceeding No.'s were assigned is because each debtor (Schwartzman and San Feliciano) is a party to the State Court Action, and Notice of Removal was therefore filed in each of the Bankruptcy Cases.  Since the two cases involve not just common but rather identical questions of law or fact, consolidation is appropriate under Federal Rule of Civil Procedure 42.

16

17

18

19

20

Consolidation is further governed by Local Rules 1073-1(c)(1) and (2) of the United States Bankruptcy Court for the Central District of California, which specifically authorizes the filing of a Motion to Consolidate Adversary Proceedings on the condition that the Motion be filed in accordance with Local Bankruptcy Rule 9013-1(o) and that notice be given to those persons and entities specified in Local Bankruptcy Rule 1071-1(c)(2).  The Motion to Consolidate herein is being filed and served in compliance with Local Bankruptcy Rule 1073-1(c)(2).

21

22

DATED: July 1̲6̲, 2009                    Respectfully submitted,

23

24

FRANDZEL ROBINS BLOOM & CSATO, L.C.
THOMAS M. ROBINS, III
PETER CSATO
BERNARD R. GIVEN, II

25

26

27

28

By:    _____
Bernard R. Given, II
Attorneys for CENTRAL PACIFIC BANK

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000